# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 8144 | **DATE** | 1/22/2002 |
| **CASE TITLE** | RUBEN DEL ANGEL vs. HEIDELBERG EASTERN, INC., et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Plaintiff's motion to contest jurisdiction and strike removal on special and limited appearance [3-1] is denied.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | JAN 2 3 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | /0 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RUBEN DEL ANGEL,

Plaintiff,

v.

HEIDELBERG EASTERN, INC.;
HEIDELBERG, USA, INC.;
EAC USA, INC.; POLAR MOHR;
ADOLF MOHR; and
MASCHINENFABRIK, their
predecessors and successors,

Defendants.

Case No. 01 C 8144

Hon. John W. Darrah

JAN 2 3 2002

## MEMORANDUM OPINION AND ORDER

Plaintiff, Ruben Del Angel ("Plaintiff"), originally filed this action against Defendants, Heidelberg Eastern, Inc.; Heidelberg, USA, Inc.; EAC USA, Inc; Polar Mohr; Adolf Mohr; and Maschinenfabrik ("Defendants"), in the Circuit Court of Cook County. Defendants removed this action to this Court pursuant to 28 U.S.C. § 1332, 1441, *et seq*. Plaintiff then filed a Motion to Contest Jurisdiction and Strike Removal on Special and Limited Appearance. For the reasons set forth below, Plaintiff's Motion to Contest Jurisdiction and Strike Removal on Special and Limited Appearance [3-1] is denied.

## BACKGROUND

Plaintiff is a resident and citizen of the state of Illinois. Defendant, Heidelberg, is a Delaware

corporation with its principal place of business in Georgia. Defendants, Polar Mohr, Adolf Mohr, and Maschinenfabrik, are foreign entities who are not now citizens of Illinois.

Plaintiff filed a complaint against the Defendants, alleging that the Defendants manufactured, engineered, fabricated, distributed, furnished and sold to Binderyonics, Inc., Plaintiff's employer and an Illinois corporation, a paper cutting machine that had no safe means of changing the paper-cutting knives.

The complaint also alleges that Plaintiff suffered permanent and severe injuries while using the paper-cutting machine and that these injuries caused Plaintiff to incur, and that Plaintiff will continue to incur, great pain and suffering, great medical expenses, lost time and wages, and other pecuniary expenses. Plaintiff's right foot was almost severed from his body. (Def.'s Resp. Mot. Remand, Ex. 2.)

## DISCUSSION

Plaintiff's motion, although styled "Motion to Contest Jurisdiction and Strike Removal on Special and Limited Appearance" ("Mot. Remand"), is actually one to remand. Plaintiff moves to remand this cause of action to the Circuit Court of Cook County, arguing that Defendants have not established diversity of citizenship and the amount in controversy required under 28 U.S.C. § 1332 (2001).

Section 1332 provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States". 28 U.S.C. § 1332(a)(1).

"The burden rests on the defendant in a removal action to prove that the amount in controversy is sufficient." *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 366 (7th Cir. 1993) (citing

*Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)). Defendants must support their allegations of jurisdiction with evidence which proves "to a reasonable probability that jurisdiction exists." *Shaw*, 994 F.2d at 366.

In determining the amount in controversy, courts should look first to plaintiff's request for relief in the complaint. In Illinois, plaintiffs cannot plead in excess of the minimum jurisdictional amount required ($50,000) under the circuit rules of assignment. 735 Ill. Comp. Stat. 5/2-604 (2001). Therefore, in such a case, courts should look at all evidence of amount in controversy available to it. *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 428 (7th Cir. 1997).

Plaintiff argues that Defendants have not established that the amount in controversy requirement has been met because the sole support for the amount in controversy requirement comes from an exhibit, a request to admit that Plaintiff's counsel has never seen before. (Mot. Remand at 4.) The disputed request to admit contains a single paragraph: "Admit that the damages actually sought by the plaintiff in this action exceed $75,000." (Defs.' Resp. Ex. 1.) Defendants argue that, since Plaintiff failed to deny the request to admit, it must be deemed admitted.

Even without the disputed request to admit, the evidence submitted proves to a reasonable probability that the jurisdictional amount has been met. *Shaw*, 994 F.2d at 366. Severe injuries alone can satisfy the amount in controversy requirement. *See, e.g., Hurley v. Motor Coach Indus., Inc.*, 222 F.3d 377, 378 (7th Cir. 2000) ("Given the severity of Hurley's injuries, nobody is contesting the adequacy of the amount in controversy."); *Chase*, 110 F.3d at 428-30; *Sartori v. Wabash R.R. Co.*, 786 F. Supp. 718, 719 (N.D. Ill. 1992) ("[T]his court is satisfied that the required jurisdictional amount in controversy is met based on the severity of injuries described in the complaint.").

Moreover, in *Chase*, the Seventh Circuit held that allegations of "serious, disabling physical

and mental injuries that would result in loss of future earning potential" in addition to plaintiff's sole settlement offer of $120,000 and refusal to admit that the claim was worth less than the jurisdictional amount proved to a reasonable probability that the jurisdictional amount was met. 110 F.3d at 427, 430.

In the instant case, Plaintiff's pleadings allege that his right foot was nearly amputated by paper-cutting machinery and that Plaintiff has "right foot pain and muscular atrophy due to his injury, no movement in two toes, and poor strength in the other three toes." (Pl.'s Reply at 3.) In his complaint, Plaintiff values his claim as "in *excess* of fifty thousand dollars" and alleges that he suffered permanent and severe injuries and incurred, and will continue to incur, great pain and suffering, great medical expenses, lost time and wages, and other pecuniary expenses. Medical bills are set out as approximately $17,000 and his lost wages may amount to $20,000. (Pl.'s Reply at 3.) These assertions are sufficient under *Chase* to prove a reasonable probability that the amount in controversy exceeds $75,000.

Plaintiff also argues that the other jurisdictional element, which requires that the parties are citizens of different states, has not been met. This, according to Plaintiff, is because Binderyonics, named as a respondent in discovery, is an Illinois corporation. Binderyonics was so named as a respondent in discovery in order to obtain relevant documents and an inspection of the subject machinery. 735 Ill. Comp. Stat 5/2-402 (2001). Binderyonics is not named as a party defendant in this action. None of the Defendants in this case are citizens or corporations of Illinois. Therefore, Defendants have satisfied the requirements for diversity jurisdiction, and a remand to the Circuit Court of Cook County would be inappropriate.

## CONCLUSION

For the reasons stated herein, Plaintiff's Motion to Contest Jurisdiction and Strike Removal on Special and Limited Appearance [3-1] is denied.

**IT IS SO ORDERED.**

John W. Darrah, Judge
United States District Court

Date: January 22, 2002