# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 8144 | **DATE** | 6/10/2002 |
| **CASE TITLE** | RUBEN DEL ANGEL vs. HEIDELBERG EASTERN, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Defendants' motion to dismiss Count III is granted. Status hearing set for June 25, 2002 is stricken and reset to June 26, 2002 at 9:00 a.m.
(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUN 12 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 31 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | date mailed notice | |
| LG | courtroom deputy's initials | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



JUN 1 2 2002

RUBEN DEL ANGEL,                )
                                )
                                )    Case No. 01 C 8144
    Plaintiff,                  )
                                )    Hon. John W. Darrah
    v.                          )
                                )                              JUN 1 2 2002
HEIDELBERG EASTERN, INC.;       )
HEIDELBERG, USA, INC.;           )
EAC USA, INC.; POLAR MOHR;      )
ADOLF MOHR and                  )
MASCHINENFABRIK, their          )
predecessors and successors; and )
BINDERYONICS, INC.,             )
                                )
    Defendants.                 )
                                )

## MEMORANDUM OPINION AND ORDER

Plaintiff, Ruben Del Angel ("Plaintiff"), filed a complaint against Defendants, Heidelberg Eastern, Inc.; Heidelberg USA, Inc; EAC USA, Inc.; Polar Mohr; and Adolph Mohr (collectively "Defendants"), alleging product liability. Plaintiff was granted leave and subsequently filed an amended complaint, adding a third count against an additional defendant, Binderyonics, Inc. ("Binderyonics") as a defendant.

Defendants move, pursuant to Federal Rule of Civil Procedure 12(b)(6), to strike and dismiss Count III of the amended complaint. For the reasons that follow, Defendants' motion to dismiss is granted.

1

31

## LEGAL STANDARD

When considering a motion to dismiss, well-pleaded allegations in the complaint are accepted as true. *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1319 (7th Cir. 1997). Any ambiguities in the complaint are construed in favor of the plaintiff. *Kelly v. Crosfield Catalysts*, 135 F.3d 1202, 1205 (7th Cir. 1998). Dismissal is proper only when it appears beyond doubt that Plaintiff can prove no set of facts to support the allegations in his or her claim. *Strasburger v. Board of Education*, 143 F.3d 351, 359 (7th Cir. 1998).

"Although the Federal Rules of Civil Procedure do not require a plaintiff 'to set out in detail the facts upon which he bases his claim,' he must 'set out sufficient factual matter to outline the elements of his cause of action or claim, proof of which is essential to his recovery.'" *Benson v. Cady*, 761 F.2d 335, 338 (7th Cir. 1985) (internal citation omitted). A complaint will not avoid dismissal if it contains "bare legal conclusions" absent facts outlining the basis of the claims. *Perkins v. Silverstein*, 939 F.2d 463, 467 (7th Cir. 1991).

## BACKGROUND

For purposes of this Motion to Dismiss, the following allegations of Count III are taken as true.

Defendants design, manufacture, engineer, fabricate, distribute, sell and install paper-cutting machinery. One such paper-cutting machine ("the machine") with fifty-five inch guillotine-style paper-cutting knives was sold to and used by Binderyonics, a corporation doing business in Illinois. The cutting knives on the machine must be changed from time to time by Binderyonics employees. However, the cutting knives are not equipped with guards to protect employees while the cutting knives are being changed.

Plaintiff is employed by Binderyonics. One of his duties there was to change the cutting knives on the machine. On or about July 20, 2000, Plaintiff was changing the cutting knife on the machine when his right foot was almost severed by the cutting knife. Plaintiff has experienced irreversible nerve and tendon damage to his right foot and sustained other permanent injuries as a result of the damage to his foot.

Count III further alleges that Binderyonics is the agent of Defendants and was authorized by them to change the cutting knives on the machine. Count III alleges that Binderyonics, as Defendants' agent, failed to provide adequate training or instruction to Plaintiff to enable him to change the cutting knives safely, permitted Plaintiff to change the cutting knife knowing that he had not been properly trained to do so, and required him to do so as part of his job duties knowing that he had not been properly trained to do so.

## DISCUSSION

Count III alleges that Defendants are vicariously liable for their agent's, Binderyonics', negligent conduct. Defendants move to dismiss Count III because (1) Plaintiff's claim against Binderyonics is barred by the exclusivity provision of the Workers' Compensation Act, (2) Count III does not adequately state a claim for derivative liability based on Binderyonics' alleged negligence, and (3) Count III fails to assert a nonfrivolous argument for the extension of existing law.

Plaintiff opposes dismissal of Count III, arguing that (1) Count III is not barred by the Workers' Compensation Act because he is not seeking additional recovery from Binderyonics and (2) the indemnification clause in the sales contract between Binderyonics and Heidelberg Eastern, USA and EAC (collectively "Heidelberg") demonstrates that an agency relationship exists between Defendants and Binderyonics.

3

Under the doctrine of *respondeat superior*, a principal will be held liable for the negligent conduct of its agent. *Moy v. County of Cook*, 159 Ill. 2d 519, 523 (1994). For tort purposes, whether there is a principal-agent, master-servant, or employer-employee relationship is immaterial. *Moy*, 159 Ill. 2d at 523. To invoke the doctrine of *respondeat superior*, one of the enumerated relationships must be established and "the wrongdoer [must] be either the employee, the agent, or the servant." *Moy*, 159 Ill. 2d at 523. "The agency relationship is a consensual, fiduciary one between two legal entities, where the principal has the right to control the conduct of the agent and the agent has the power to affect the legal relations of the principal." *Taylor v. Kohli*, 162 Ill. 2d 91, 95 (1994). Under Illinois law, a fiduciary relationship is created when "one party reposes trust and confidence in another who thereby gains a resulting influence and superiority over the first." *Glovaroma, Inc. v. Maljack Prods., Inc.*, No. 96 C 3985, 1998 WL 102741, at *4 (N.D. Ill. Feb. 26, 1998). "The determination of whether the relationship is employer/employee, principal/agent, or owner/independent contractor depends on a number of facts, including the manner of hiring, the right to discharge, the manner and direction of the work of the parties, the right to terminate the relationship, and the character of the supervision of the work done." *Taylor*, 162 Ill. 2d at 95-96. The most important of these factors is control of the manner in which the work is done. *Taylor*, 162 Ill. 2d at 96.

The allegations in Count III do not reasonably support the inference that an agency relationship exists between any of the Defendants and Binderyonics. Count III does not allege that any of the Defendants had the right to discharge Binderyonics or its employees or to direct or supervise the manner in which work at Binderyonics was done. Furthermore, the allegations in Count III do not reasonably support the inference that any of the Defendants had the right to

4

control Binderyonics' conduct or that either party reposed trust and confidence in the other such that the other gained influence.

Plaintiff contends that an indemnification clause in the sales contract between Binderyonics and Heidelberg somehow created an agency relationship. This sales contract was not attached to the amended complaint and, therefore, should not be considered in the resolution of this motion to dismiss. Even if considered, the indemnification clause *disclaims* any liability to Heidelberg due to Binderyonics' misuse of the products. Moreoever, the existence of an instruction manual that accompanied the machine does not support the inference that Defendants had the right to control or did control Binderyonics' conduct or that there was a fiduciary relationship between Defendants and Binderyonics. Therefore, Plaintiff has failed to plead an agency relationship between Binderyonics and Defendants for purposes of *respondeat superior* liability.

Defendants also argue that Count III should be dismissed because Binderyonics is immune from direct liability pursuant to the exclusivity provision of the Workers' Compensation Act, 820 Ill. Comp. Stat. 305/5(a) (2002). Plaintiff argues that § 305/5(a) does not bar a claim for direct liability against Binderyonics because he is not seeking further recovery from Binderyonics. This contention is undermined by Count III's prayer for relief in which Plaintiff prays for "a sum appropriate to compensate Plaintiff . . . for the above injuries, losses, and damages, up to and/or in excess of $1,000,000."

> The exclusivity provision of the Workers' Compensation Act provides that:
>
> [n]o common law or statutory right to recover damages from the employer, his insurer, his broker, any service organization retained by the employer, his insurer or his broker to provide safety service, advice or recommendations for the employer or the agents or employees of any of them for injury or death sustained by any employee while engaged in the line of his duty as such employee, other

5

than the compensation herein provided, is available to any employee who is covered by the provisions of this Act . . . .

§ 305/5(a). The dual capacity doctrine is an exception to the exclusivity provision. Under the dual capacity doctrine, the Workers' Compensation Act ceases to be the sole remedy; and the employer may become liable in tort to the employee if the employer occupies a second capacity that confers obligations that are independent of those imposed on him as the employer. *McCormick v. Caterpillar Tractor Co.*, 85 Ill. 2d 352, 357 (1981). An employer is directly liable to his employee only if the employer possesses a second persona that is completely independent from and unrelated to its status as employer which the law would recognize as a separate legal person. *Sharp v. Gallagher*, 95 Ill. 2d 322, 328 (1983).

Count III alleges that Binderyonics failed to train Plaintiff. This allegation does not reasonably support the inference that Binderyonics possesses a second persona completely independent from its status as Plaintiff's employer. Count III does not allege that Binderyonics' alleged duty to train Plaintiff arose from an obligation separate from its obligations as Plaintiff's employer. Further, Plaintiff, in his response, agrees that the dual capacity doctrine does apply to Count III. Therefore, Count III is barred by § 305/5(a).

Based on the foregoing, it is clear that Plaintiff can prove no set of facts to support the allegations in Count III; and, therefore, dismissal with prejudice of Count III is proper. *See Strasburger*, 939 F.2d at 359.

## CONCLUSION

For the reasons stated herein, Defendants' motion to dismiss Count III is granted.

**IT IS SO ORDERED.**

John W. Darrah
United States District Court Judge

Date: June 10, 2002